UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBIN BATES-FERREIRA, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SWEDISH MATCH NORTH AMERICA, LLC,<br><br>Defendant, | No. 2:24-cv-00987-TLN-CKD<br><br>**ORDER** |

    This matter is before the Court on Defendant Swedish Match North America, LLC's ("Defendant") Motion to Stay and Motion to Dismiss. (ECF Nos. 24, 25.) Plaintiff Tobin Bates-Ferreira ("Plaintiff") opposed both motions. (ECF Nos. 31, 32.) Defendant filed replies. (ECF Nos. 33, 34.) For the following reasons, the Court GRANTS the Motion to Stay and DENIES without prejudice the Motion to Dismiss.

///

///

///

1

1     **I.     FACTUAL AND PROCEDURAL BACKGROUND**

2     This action arises out of Defendant's[1] allegedly deceptive marketing and promotion of

3  oral nicotine pouches under the brand name ZYN.  (ECF No. 20 ¶¶ 1, 7.)  According to Plaintiff,

4  Defendant marketed and promoted these oral nicotine pouches as healthy, nicotine cessation

5  devices, despite knowing they contained no health benefits and were not proven or authorized as

6  nicotine cessation devices.  (*Id.* ¶ 7.)  Based on these allegations, Plaintiff filed the instant

7  putative class action.  (ECF No. 1.)  However, before Plaintiff filed this action, two other actions

8  were filed in separate district courts, which Defendant argues should lead this Court to stay this

9  case under the first-to-file rule.  (ECF No. 24.)  The Court describes those two actions below

10  before turning back to the instant action.

11                A.     The *Wolters* and *Kelly* Actions

12     On March 1, 2024, plaintiff Bailey Wolters ("Wolters") filed a putative class action

13  against defendants Swedish Match North America, LLC and Philip Morris International, Inc.

14  ("*Wolters* action").[2]  Complaint, *Wolters v. Swedish Match North America, LLC*, No. 24-cv-417-

15  AGS-MMP (S.D. Cal. Mar. 1, 2024), ECF No. 1.  Wolters alleged defendants used deceptive

16  advertising in describing Zyn — flavored oral nicotine pouches — as "tobacco-free," thereby

17  implying "that Zyns are not harmful or there is a reduced risk of addiction." *Id.* ¶ 5.  Based on

18  these allegations, Wolters brought four claims including: (1) strict liability based on a design

19  defect; (2) strict liability based on failure to warn; (3) negligence; and (4) fraud. *Id.* ¶¶ 54–117.

20  Wolters brought these claims individually and on behalf of all persons who purchased Zyn

21  products in the United States. *Id.* ¶ 45.  Wolters proposed two additional classes as well: (1) all

22  California residents who purchased Zyn products, and (2) all California residents who at the time

23  of using Zyn products were under the age of 18 and had procured and used Zyn products. *Id.*

---

[1]  Plaintiff also named Philip Morris International Inc. as a defendant, but subsequently filed a notice of voluntary dismissal as to this defendant.  (ECF No. 29.)

[2]  The Court takes judicial notice of several court filings in both the *Wolters* and *Kelly* actions.  *See* Fed. R. Evid. 201(b); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting a court may take judicial notice "of undisputed matters of public record . . . including documents on file in federal or state courts" (internal quotations and citations omitted)).

1       On March 19, 2024, only a few weeks after the *Wolters* action was filed, plaintiff Zachary
2  Kelly ("Kelly") filed a putative class action in the Southern District of Florida against several
3  defendants including Swedish Match North America, LLC ("*Kelly* action"). *See* Complaint, *Kelly*
4  *v. Philip Morris International Inc. et al.*, No. 24-cv-60437-WPD (S.D. Fl. Mar. 19, 2024), ECF
5  No. 1 ("*Kelly* Complaint"). In an amended complaint, Kelly, like Wolters, alleges defendants
6  used deceptive advertising practices when marketing Zyn products. Amended Complaint ¶ 5,
7  *Kelly v. Philip Morris International Inc. et al.*, No. 24-cv-60437-WPD (S.D. Fl. Dec. 4, 2024),
8  ECF No. 87 ("*Kelly* Amended Complaint"). Based on these allegations, Kelly also alleges: (1)
9  strict liability based on a design defect; (2) strict liability based on a failure to warn; (3)
10 negligence; and (4) fraudulent concealment. *Id.* ¶¶ 80–144. Like Wolters, Kelly also brought
11 these claims individually and on behalf of all persons who had purchased Zyn products in the
12 United States, but Kelly's two additional classes included: (1) all Florida residents who purchased
13 Zyn products; and (2) all Florida residents who at the time of using Zyn products were under the
14 age of 21 and had procured and used Zyn products. *Id.* ¶ 71.
15      On April 2, 2024, in response to the complaint filed in *Kelly* action, defendants filed a
16 motion to transfer or stay proceedings given the *Wolters* action. Motion, *Kelly v. Philip Morris*
17 *International Inc. et al.*, No. 24-cv-60437-WPD (S.D. Fl. Apr. 2, 2024), ECF No. 7. A few days
18 later, on April 9, 2024, Wolters filed a notice of voluntary dismissal in the *Wolters* action in the
19 Southern District of California. Notice, *Wolters v. Swedish Match North America, LLC*, No. 24-
20 cv-417-AGS-MMP (S.D. Cal. Apr. 9, 2024), ECF No. 13. In the Southern District of Florida, the
21 court then denied the motion to transfer or in the alternative stay, finding that the first-filed action
22 — the *Wolters* action — was no longer pending. Order, *Kelly v. Philip Morris International Inc.*
23 *et al.*, No. 24-cv-60437-WPD (S.D. Fl. Apr. 19, 2024), ECF No. 15.
24           B.      The Instant Action
25      Ten days after the *Wolters* action was filed, Plaintiff filed the instant putative class action
26 on March 29, 2024. (ECF No. 1.) In the First Amended Complaint, Plaintiff brings the following
27 six claims: (1) violation of the California Unfair Competition Law under California Business and
28 Professions Code § 17200, *et seq.*; (2) violation of the California Consumer Legal Remedies Act

3

1  under California Civil Code § 1750, *et seq.*; (3) violation of the California False Advertising Law
2  under California Business and Professions Code § 17500, *et seq.*; (4) common law fraud; (5)
3  breach of the implied warranty of merchantability; and (6) unjust enrichment. (*Id.* ¶¶ 136–210.)
4  Plaintiff brings these claims individually and on behalf of all United States citizens who used oral
5  nicotine pouches produced and manufactured by Defendant and marketed and sold under the
6  brand name ZYN. (*Id.* ¶ 126.) Plaintiff also proposes three additional subclasses: (1) a youth
7  subclass; (2) a California subclass; and (3) a California youth subclass. (*Id.*)

8  Under the first-to-file rule, Defendant now seeks to stay the action until class certification
9  has been resolved in the *Kelly* action. (ECF No. 24-1 at 4.)

10  **II.   STANDARD OF LAW**

11  The first-to-file rule is a doctrine that permits the district court to decline jurisdiction over
12  an action "when a complaint involving the same parties and issues has already been filed in
13  another district." *See Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1146 (E.D. Cal.
14  2010) (internal citation omitted). The first-to-file rule is intended to "serve the purpose of
15  promoting efficiency." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)
16  (citations omitted). When applying the first-to-file rule, courts should be driven to maximize
17  "economy, consistency, and comity." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d
18  1237, 1239–40 (9th Cir. 2015) (citations omitted). A court looks at three factors: (1) chronology
19  of the lawsuits; (2) similarity of the parties; and (3) similarity of the issues. *Id.* The parties and
20  issues do not have to be identical, only substantially similar. *Id.* at 1240–41. However, a court
21  has discretion to decline applying the first-to-file rule if the balance of convenience and equity
22  weighs in favor of the later filed action. *Alltrade, Inc.*, 946 F.2d at 628.

23  **III.   ANALYSIS**

24  Defendant argues this action should be stayed under the first-to-file rule until class
25  certification has been resolved in the *Kelly* action. (ECF No. 24-1 at 4.) In opposition, Plaintiff
26  argues the first-to-file rule is inapplicable and, in the alternative, the first-to-file rule should not be
27  applied because an exception applies, and the result would be inequitable. (ECF No. 31 at 5–6.)
28  The Court begins by analyzing these first-to-file factors in turn before examining whether an

4

exception applies.

### A.   Chronology of Lawsuits

First, the Court looks to the order in which the lawsuits were filed. Defendant argues that because the *Kelly* action was filed first, this factor weighs in favor of staying the instant action. (ECF No. 24-1 at 6.) In opposition, Plaintiff does not dispute this fact but argues that the proximity in time — only ten days — weighs against or neutralizes the application of the first-to-file rule. (ECF No. 31 at 10.) However, as explained below, the Court finds this argument unavailing. Here, the instant action was filed ten days after the *Kelly* action. *Compare Kelly* Complaint (filed on March 19, 2024), *with* (ECF No. 1 (filed on March 29, 2024)). Because the *Kelly* action was filed prior to the instant action, the Court finds this factor weighs in favor of applying the first-to-file rule.

### B.   Similarity of the Parties

Second, the Court considers whether the parties in the two lawsuits are similar. Defendant contends the parties in the instant action and the *Kelly* action are substantially similar. (ECF No. 24-1 at 7–8.) Plaintiff disagrees. (ECF No. 31 at 10–11.) At the outset, Plaintiff argues this Court should only compare the named plaintiffs in the instant action and the *Kelly* action — not the putative classes — because no class has been certified in this action or the *Kelly* action. (*Id.* at 10.) In the alternative, Plaintiff contends even if the putative classes are compared, this factor still does not weigh in favor of applying the first-to-file rule because the putative classes are also dissimilar. (*Id.* at 10–11.)

In general, parties do not have to be identical. *Kohn L. Grp., Inc.*, 787 F.3d at 1240-41. It is enough if they are substantially similar. *Id*. In putative class actions such as this, courts in this circuit are split on whether named plaintiffs or putative classes should be compared when analyzing the similarity of the parties under the first-to-file rule. *Pedro v. Millennium Prods., Inc.*, No. 15-CV-05253-MMC, 2016 WL 3029681, at *3 (N.D. Cal. May 27, 2016) (collecting cases). However, the majority of courts, including this Court, compare the putative classes — not the named plaintiffs. *See id.*; *Murphy v. Sprint/United Mgmt. Co.*, No. 2:20-CV-00507-TLN-DB, 2021 WL 5853579, at *7 (E.D. Cal. Dec. 9, 2021). Plaintiff's sparse argument regarding the

1 minority approach is unpersuasive and provides no reason for this Court to reconsider its position
2 on the issue. (ECF No. 31 at 10–11.) As such, the Court examines the two putative classes.

3       In *Kelly*, the plaintiff seeks to represent a nationwide class of those who "purchased" Zyn
4 products, while Plaintiff in the instant action seeks to represent a nationwide class of those who
5 "used" Zyn products. *Compare Kelly* Amended Complaint ¶ 71, *with* (ECF No. 1 ¶ 126).
6 Additionally, the plaintiff in *Kelly* seeks to represent two Florida subclasses, while Plaintiff in the
7 instant action seeks to represent a general youth subclass, as well as two California subclasses.
8 *Compare Kelly* Amended Complaint ¶ 71, *with* (ECF No. 1 ¶ 126). Putative classes are
9 substantially similar when both classes seek to represent at least some of the individuals.
10 *Murphy*, 2021 WL 5853579, at *7 (citing *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F.
11 Supp. 2d 1289, 1296 (N.D. Cal. 2013)). Addressing only the two purported nationwide classes,
12 Defendant argues the two classes are substantially similar because "some — if not most —
13 individuals in one class are also members of the other." (ECF No. 24-1 at 7.) In opposition,
14 Plaintiff concedes the two purported nationwide classes appear similar but contends Plaintiff's
15 nationwide class is in fact broader than the purported nationwide class in *Kelly*.[3] (ECF No. 31 at
16 11.) Plaintiff then goes on to argue that substantial similarity cannot be determined at this point,
17 because discovery has not been conducted. (*Id.*)

18       Here, the Court finds Plaintiff's arguments unpersuasive. First, as this Court has
19 previously held, when determining whether two putative classes are substantially similar, the
20 Court looks to see if the classes represent at least some of the same individuals. *Murphy*, 2021
21 WL 5853579, at *7. It is not determinative if one class is broader than the other, as Plaintiff
22 seems to suggest. *Pedro*, 2016 WL 3029681, at *4 (finding similarly). Second, it is clear there
23 are at least some overlapping class members in the instant action and the *Kelly* action. As
24 Defendant notes, Plaintiff would be a purported class member in both the instant action and the
25 *Kelly* action because Plaintiff allegedly purchased a Zyn product from a shop in Rancho Cordova,

---

[3] Plaintiff also argues Defendant "tacitly concedes" the purported subclasses are dissimilar by only addressing the purported nationwide classes in the motion to stay. (*Id.*) The Court finds this unsupported argument unavailing.

6

California and therefore both "purchased" and "used" Zyn products. (ECF No. 24-1 at 7–8 (citing ECF No. 20 ¶ 123).) As such, the Court finds there is substantial similarity between the two classes.

Plaintiff also argues without support that the state law subclasses preclude a finding of substantial similarity between the parties. (ECF No. 31 at 11.) The Court is not persuaded by this unsubstantiated argument. As Defendant notes in reply, several courts have found the existence of different state law subclasses does not render the parties substantially dissimilar when there are overlapping nationwide classes. (ECF No. 34 at 9 (citing *Ickes v. AMC Networks Inc.*, No. 23-CV-00803-SI, 2023 WL 4297577, at *3 (N.D. Cal. June 30, 2023); *Booker v. Am. Honda Motor Co.*, No. 2:20-CV-05166-SVW, 2020 WL 7263538, at *3 (C.D. Cal. Oct. 20, 2020)).) Without any developed argument, Plaintiff provides the Court no reason to find otherwise.

Accordingly, this second factor weighs in favor of applying the first-to-file rule.

### C. Similarity of the Issues

Finally, the Court looks to the similarity of the issues. *Adoma*, 711 F. Supp. 2d at 1148. When analyzing whether issues are substantially similar, a court considers if the common facts, taken together, would lead to the same central question between the cases. *See id.*; *see also Ward v. Follett Corp.*, 158 F.R.D. 645, 648–49 (N.D. Cal. 1994) (applying the first-to-file rule in a case where there is a common central question). Even if a plaintiff presents alternative theories compared to another pending action, it does not necessarily prevent the application of the first-to-file rule because common facts may give rise to a central issue between the cases. *Adoma*, 711 F. Supp. 2d at 1149. In short, the key question is whether the "core issue" and the "thrust of the lawsuit" is the same in each case. *Booker*, 2020 WL 7263538, at *3 (internal citation omitted).

Defendant argues this factor also weighs in favor of granting a stay. (ECF No. 24-1 at 8–12.) According to Defendant, the instant action and the *Kelly* action both rely upon similar underlying allegations, and both seek redress for consumers who were allegedly misled into purchasing ZYN products. (*Id.* at 8.) Plaintiff disagrees. (ECF No. 31 at 11–13.) According to Plaintiff, the issues are not substantially similar because Plaintiff alleges unique state law causes of action in the instant case, which are not asserted in the *Kelly* action. (*Id.* at 12.) Relying on

7

1    *Mattero v. Costco Wholesale Corp.*, Plaintiff argues there are significant distinctions between the
2    two cases that preclude a finding of substantial similarity. (*Id.* (citing 336 F. Supp. 3d 1109, 1112
3    (N.D. Cal. 2018).) However, as Defendant notes in reply, the Court finds *Mattero* is an outlier in
4    its analysis. (ECF No. 34 at 12.)

5          In *Mattero*, the court found significant distinctions between the two cases because the
6    claims at issue were different. 336 F. Supp. 3d at 1118–19. Generally, courts in this circuit,
7    including this Court, look to the facts alleged rather than the specific claims pleaded. (*Id.* at 10
8    (citing *Mehr v. Cap. One Bank USA N.A.*, No. SA-CV-181576-JVS-ADSX, 2019 WL 2428768,
9    at 4 (C.D. Cal. Jan. 4, 2019))); *see also Murphy*, 2021 WL 5853579, at *8.

10         Here, the Court finds the issues substantially overlap because the *Kelly* plaintiff asks the
11   Southern District of Florida court to resolve the same issue(s) "at the core" of the instant action
12   — Defendant's liability for improperly marketing ZYN products. *Compare Kelly* Amended
13   Complaint, *with* (ECF No. 20). Moreover, the Court finds it persuasive that if both actions were
14   to proceed simultaneously, this Court and the *Kelly* court would be ruling separately on similar
15   questions related to class certification under Federal Rule of Civil Procedure 23. *Compare Kelly*
16   Amended Complaint, *with* (ECF No. 20); (*see also* ECF No. 34 at 11 –12.) This is exactly what
17   the first-to-file rule seeks to avoid — inefficiency. *See Alltrade, Inc.*, 946 F.2d at 625 (noting the
18   first-to-file rule is intended to "serve the purpose of promoting efficiency"). In sum, while the
19   Court acknowledges there are different claims alleged in the two actions, because the "core issue"
20   and the "thrust of the lawsuit" is the same, the Court finds this final factor weighs in favor
21   applying the first-to-file rule.

22         Accordingly, unless an exception applies, the Court finds a stay proper under the first-to-
23   file rule.

24             D.     <u>Exceptions to the First-to-File Rule</u>

25        "A court may decline to apply the first-to-file rule if the balance of convenience and
26   equity weighs in favor of the later filed action." *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d
27   700, 708 (N.D. Cal. 2021) (citation omitted). The Ninth Circuit has provided three exceptions to
28   the first-to-file rule: "bad faith," "anticipatory suit, and forum shopping[.]" *Alltrade, Inc.*, 946

F.2d at 628.

In the alternative, Plaintiff argues the first-to-file rule should not be applied because the result would be inequitable on two grounds. (ECF No. 31 at 13–16.) First, Plaintiff argues there is strong evidence of forum shopping. (*Id.* at 14.) Second, Plaintiff contends the proximity in time between the filing of the *Kelly* action and the instant action weighs in favor of not applying the first-to-file rule. (*Id.* at 15–16.) The Court addresses these arguments in turn.

### i.   Forum Shopping

As to forum shopping, Plaintiff argues the same law firm — Schlesinger — filed the *Wolters* action in the Southern District of California and the *Kelly* action in the Southern District of Florida. (*Id.* at 14.) By dismissing the *Wolters* action, Plaintiff argues Schlesinger avoided any possibility that *Wolters*, *Kelly*, and the instant action would be consolidated in California thereby resulting in Schlesinger losing "control" of the case. (*Id.*) Given this, Plaintiff argues there is strong evidence of forum shopping which should preclude the application of the first-to-file rule. (*Id.*) In reply, Defendant argues this exception is inapplicable because Defendant was not the party who chose the forum for any of the applicable cases. (ECF No. 34 at 13–14.)

When examining whether forum shopping weighs against the application of the first-to-file rule, the Court generally looks to the moving party's conduct. *Alltrade*, 946 F.2d at 628. Here, the moving party — Defendant — was not the party engaged in forum shopping. *See, e.g.*, *Hilton v. Apple Inc.*, No. C-13-2167, 2013 WL 5487317, at *9 (N.D. Cal. Oct. 1, 2013) (finding moving party had not engaged in forum shopping). Given this, the Court finds Plaintiff's argument unpersuasive.

### ii.   Proximity in Time

As to the proximity in time between the filing of the *Kelly* action and the instant action, Plaintiff argues the first-to-file rule should not be applied because these cases are in their infancy. (ECF No. 31 at 15–16.) In reply, Defendant argues there is no temporal exception and application of the first-to-file rule to cases filed ten days or fewer is commonplace. (*Id.* at 14 (collecting cases).) Upon review, the Court agrees with Defendant. Moreover, while it does appear the *Kelly* action remains in the pleading stage, it appears to have progressed further than

9

the instant action. *See, e.g.*, Order, *Kelly v. Philip Morris International Inc. et al.*, No. 24-cv-60437-WPD (S.D. Fl. Mar. 19, 2025), ECF No. 119 (denying motion to dismiss and motion for jurisdictional discovery).

Based on the foregoing, the Court finds no exception to the first-to-file rule applies and because all three factors favor a stay, staying this action is proper.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to stay until the Southern District of Florida rules on class certification in the *Kelly* action. The motion to dismiss is DENIED without prejudice. The parties are directed to file a joint status report within fourteen (14) days following the resolution of the class certification issue in *Kelly*.

IT IS SO ORDERED.

Date: March 27, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

10